# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Clifton Ashley,                )<br>                                            )<br>            Plaintiff,          )<br>                                            )<br>     v.                              )<br>                                            )<br>Milliken & Company,       )<br>                                            )<br>            Defendant.       )<br>_____) | Civil Action No. 7:21-cv-2622-TMC<br><br>**ORDER** |

On August 16, 2021, Plaintiff Clifton Ashley, proceeding *pro se*, brought this action against his former employer, Defendant Milliken & Company ("Milliken"), asserting a claim for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Subsequently, Milliken filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 15), Plaintiff filed a response in opposition to the motion to dismiss, (ECF No. 18), and Milliken then submitted a reply, (ECF No. 20).

On November 9, 2021, the magistrate judge issued a Report and Recommendation ("Report") recommending that the court grant Milliken's motion to dismiss for failure to state a claim without affording Plaintiff an opportunity to amend the complaint. (ECF No. 21 at 10). Plaintiff filed objections to the Report,

(ECF No. 24), to which Milliken filed a reply, (ECF No. 25). After carefully reviewing the record and the submissions of the parties, the court concludes the issues are adequately developed in the written materials before the court and that a hearing is unnecessary to decide this matter.[1]

## I. Factual and Procedural Background

Because the Report thoroughly summarizes the procedural history and factual background, (ECF No. 21 at 1–4), without objection from Plaintiff, the court need not recount the facts at length here. Briefly, assuming the truth of the factual allegations of the Complaint, Plaintiff was obtaining approval in March 2020 from Milliken's Human Resources Department ("HR") for leave under the Family and Medical Leave Act ("FMLA"), and a female HR representative "made multiple statements to the Plaintiff that left the . . . Plaintiff with the reasonable and distinct impression that [Milliken's] Human Resources Manager . . . had sexually harassed him." (ECF No. 1 at 2). Although the complaint provides no additional factual content, Plaintiff attached his EEOC charge as an exhibit to the complaint, (ECF No. 1-2), and the EEOC charge was accompanied by an affidavit, (ECF No. 15-2). As Plaintiff does not dispute the authenticity of the affidavit, the court may consider it for purposes of a Rule 12(b)(6) motion. *See E.I. du Pont de Nemours & Co. v. Kolon*

---

[1] Accordingly, the court **DENIES** Plaintiff's motion for hearing. (ECF No. 28). *See* Local Civil Rule 7.08 (D.S.C.) (stating that "[u]nless so ordered, motions may be determined without a hearing").

*Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 1999). The Plaintiff's affidavit set forth the following additional information about the purported sexual harassment:

> On April 17th, [2020], I had an emotional breakdown. My wife . . . called my supervisor . . . and told him the situation. He said someone from human resources would call and give us information for medical help. . . . About 30 minutes later [the] Allen Plant human resource manager called me. My wife was present with me. [The HR representative] was very professional and helpful. She talked with me about my medical options and said she would ask the nurse practitioner . . . for any advice. She called back later and gave me information about different doctors, she had tried to make me an appointment, but I did not ask her to. She then began to tell me about her struggles with depression and how her medicine makes her fat. She talked about how her husband finds her unattractive. She said, "he can either have a fat nice bitch or a skinny mean bitch." . . . This . . . conversation made me very uncomfortable and only increased my stress level . . . [and] was so inappropriate, my wife questioned the type of relationship [the HR representative] and I had . . . [and] texted [the HR representative] from my phone asking her to be more professional.

(ECF No. 15-2 at 2).

Subsequently, Plaintiff and/or his wife contacted Kelly Cash, Milliken's Human Resources Director, and reported "the perceived sexual harassment." (ECF No. 1 at 2–3). By contrast, the HR representative who engaged in the alleged offending conduct did not report the incident to her superiors.

On November 4, 2020, with his "FMLA leave coming to an end," Plaintiff left messages for Kelly Cash via voicemail and e-mail indicating that Plaintiff

"would feel uneasy and uncertain of his employment, given . . . the [perceived sexual harassment issue], [and] that he would not report to work until he first had an opportunity to speak directly to Mr. Cash as the assurance he needed and required." *Id*. at 4. Cash did not respond directly to the email or voicemail but sent a termination letter to Plaintiff dated December 2, 2020, which Plaintiff attached to the complaint. (ECF No. 1-7). The letter indicated Milliken granted Plaintiff extended medical leave beyond the FMLA period and stated that Milliken

> asked for you to reach out about your return to work or need for additional leave by ear1y November. When we did not hear from you about your return to work, on November 6, I wrote to remind you that your extended leave period was expiring on November 20 and asked you to contact me so that we could go over the return to work process. You have failed to respond or reach out in any way, and you are now more than ten days beyond your scheduled return to work date. We have received no request for accommodation from you, nor any request for extended leave for any additional period of time as an accommodation. Accordingly, we are administratively terminating your employment with Milliken based on your failure to communicate about your return to work and abandonment of your position/voluntary resignation, since you have failed to follow our return to work process or communicate with us to provide any information that suggests you need any additional accommodation.

*Id*. Cash additionally noted that Milliken had considered Plaintiff's sexual harassment but that, "[b]ased on the information we obtained in our investigation—including your affidavit—your claims of sexual harassment are unsubstantiated." *Id*. After receiving a Right to Sue letter from the EEOC (ECF No. 1-3), Plaintiff

4

filed this action, alleging that his termination was retaliatory in nature in violation of Title VII. (ECF No. 1).

## II. The Report of the Magistrate Judge

First, the magistrate judge concluded that, to the extent Plaintiff attempted to assert a Title VII sexual harassment claim in the complaint, he failed to state a claim that could survive a Rule 12(b)(6) motion. (ECF 21 at 7). The magistrate judge noted that "the plaintiff's complaint arises from a single telephone conversation with a female human resources manager" that "fails to support a reasonable inference that it was related to the plaintiff's sex in any way" and fails "to present facts plausibly showing that a reasonable person would have found the conversation objectively offensive." *Id*. at 7–8. Thus, the magistrate judge concluded the complaint did not plausibly state a Title VII sexual harassment claim above a speculative level.

As for Plaintiff's retaliation claim, the Report correctly stated that, to survive a motion to dismiss, Plaintiff was "'required to plead facts that plausibly give rise to a claim that []he received adverse treatment due to h[is] opposition to any unlawful practice.'" *Id*. at 8 (quoting *Carroll v. United Parcel Serv., Inc.*, C.A. No. 1:17-cv-03108-DCC, 2018 WL 4111017, at *2 (D.S.C. Aug. 29, 2018)). Moreover, as the magistrate judge explained, "[f]or a plaintiff to show that he engaged in a protected activity, he must allege facts that plausibly show that he 'opposed an unlawful employment practice [that] he reasonably believed had occurred or was occurring.'"

5

*Id*. (quoting *Coleman v. Loudoun Cty. Sch. Bd.*, 294 Fed. App'x 778, 781 (4th Cir. 2008)). The "reasonable belief" requirement has both subjective and objective components—"[t]he inquiry is therefore (1) whether [Plaintiff] subjectively (that is, in good faith) believed that [the employer] engaged in [an unlawful] practice . . . , and (2) whether this belief was objectively reasonable in light of the facts." *Peters v. Jenney*, 327 F.3d 307, 321 (4th Cir. 2003) (internal emphasis omitted).[2] The magistrate judge concluded that "no objectively reasonable person could believe that the conversation constituted sexual harassment in violation of Title VII" and that "plaintiff's allegations do not plausibly suggest a causal connection between the plaintiff's reporting of the conversation and his termination from employment several months later." (ECF No. 21 at 8). Thus, the magistrate judge determined that Plaintiff failed to allege facts that would support a Title VII retaliation claim. *Id*. at 9. Additionally, the magistrate judge noted "there is no indication in the plaintiff's response to the motion to dismiss that there are other relevant facts that were not considered here[,]" and, therefore, there is no reason to believe Plaintiff could "cure the defects in his complaint by amending his complaint." *Id*.

---

[2] Although *Jenney* considered a claim of retaliation in the context of Title VI, courts have applied this language to retaliation claims under Title VII. *See, e.g., Sanders v. Tikras Tech. Sols. Corp.*, 725 F. App'x 228, 230 (4th Cir. 2018) ("[O]pposition activity is only protected if an employee's subjective belief is 'objectively reasonable in light of the facts.'") (quoting *Jenney*, 327 F.3d at 321).

6

Accordingly, the magistrate judge recommended that the court grant Milliken's motion to dismiss for failure to state a claim. *Id*.

### III. Standards of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other

hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id*. Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id*.

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal

construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## IV. Discussion

Even liberally construed, Plaintiff's objections essentially restate the claims raised in the complaint and fail to address the bases for the magistrate judge's conclusions and recommendations in the Report. *See* (ECF No. 24). For example, Plaintiff highlights his contention that he had a good faith, bona fide, perception—particularly in light of his mentally fragile state of mind at the time—that he was subject to harassment. *Id*. at 1. Plaintiff completely fails, however, to address the magistrate judge's conclusion that no objectively reasonable person could believe that the conversation constituted sexual harassment in violation of Title VII. (ECF No. 21 at 8). Plaintiff also makes much of the fact that the HR representative who allegedly harassed him did not report the incident to her superiors. (ECF No. 24 at 2). Again, this fact does nothing to establish the claim asserted in Plaintiff's complaint.

Having carefully considered the Report and the materials before it, the court concludes the magistrate judge correctly stated the applicable legal principles, agrees with the findings, conclusions and recommendations set forth in the Report,

overrules Plaintiff's objections (ECF No. 24), and adopts the Report (ECF No. 21) and incorporates it herein.  Accordingly, the court **GRANTS** Milliken's motion to dismiss for failure to state a claim.  (ECF No. 15).[3]

    **IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 6, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] In light of this ruling, the court declines to address Milliken's alternative grounds for dismissal pursuant to Rule 12(b)(5).  (ECF No. 15-1 at 10–12).